I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:  DATE:  DEPUTY CLERK:

Petitioner on 4-26-2016 by TS

FILED
CLERK, U.S. DISTRICT COURT

April 26, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ___TS___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOUGLAS J. STEKKINGER, | Case No. CV 16-02681-CAS (DFM) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| R. NDOH, Warden, | |
| Respondent. | |

On April 19, 2016, Petitioner Douglas J. Stekkinger ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1 ("Petition"). Petitioner presented all four claims in the Petition to the California Court of Appeals. Petition at 2. On March 18, 2015, the state appellate court affirmed Petitioner's conviction in a reasoned decision on the merits. Id. Petitioner did not file a petition for review with the California Supreme Court. Id. at 3.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts.[1] Exhaustion

---

[1] 28 U.S.C. § 2254(b)(1) provides that a habeas petition brought by a

requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the state's highest court. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

      It appears that the Petition is fully unexhausted as none of the grounds in the Petition has been presented to the California Supreme Court. See Petition at 3. Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Castille, 489 U.S. at 349. However, in Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The Ninth Circuit has held that a district court also "has the discretion to stay and hold in abeyance fully unexhausted petitions" under Rhines. Mena v. Long, 813 F.3d

---

person in state custody "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

907, 912 (9th Cir. 2016). The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78.

    Here, Petitioner has not requested that the Court hold the Petition in abeyance while he exhausts his state remedies, much less attempted to make the three necessary showings under Rhines. In light of Mena, the Court will give Petitioner an opportunity to move for a Rhines stay.

    Regardless of whether Petitioner moves for a stay, the Court must caution Petitioner that the statute of limitations for him to bring a federal habeas petition expires in less than one month. In the event this Petition is dismissed for failure to exhaust state remedies, the statute of limitations may not be tolled by the filing of this Petition. Under AEDPA, a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under state law, Petitioner had sixty days to appeal the California Court of Appeal's decision. Cal. Pen. Code § 1237.5; Cal. Rules Ct., Rule 31(d) (now Rule 8.308(a)). Thus, Petitioner's judgment became final within the meaning of § 2244(d)(1)(A) upon the expiration of the sixty-day period for filing a petition for review, or on May 17, 2015, when the period for seeking California Supreme Court review expired. Accordingly, the one-year limitation period began to run one day later on May 18, 2015, and will expire on May 18, 2016. As a result, should Petitioner's stay motion be denied

and/or should the Petition be dismissed, Petitioner may face an argument that AEDPA's statute of limitations prevents him from filing a new petition or adding new claims after his claims are exhausted. The Court encourages Petitioner to file any petition with the California state courts as soon as practicable, and to consider filing any habeas petition directly with the California Supreme Court.

IT THEREFORE IS ORDERED that on or before May 16, 2016, Petitioner either (a) file a stay-and-abeyance motion if he believes he can make the requisite three showings under Rhines; or (b) show cause in writing, if he has any, why this action should not be dismissed without prejudice for failure to exhaust state remedies.

Dated: April 26, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge